John FLYNN, Louis Weir, Dominic Spano, Kenneth D. Labmert, Frank Stupar, John T. Joyce, James Boland, Gerald O'Malley, George Harbison, Paul Songer, Charles Velardo, Eugene George, Matthew Aquiline, Dan Schiffer, Joseph Speranza, Jr., and Vincent Delazzero, as Trustees of and on behalf of Bricklayers & Trowel Trades International Pension Fund, Plaintiffs-Appellees,

v.

ANTHONY MION & SON, INC., Defendant-Appellant.

No. 03–9300.

United States Court of Appeals, Second Circuit.

Oct. 12, 2004.

Ira R. Mitzner (Woody N. Peterson and Charles V. Mehler III, on the brief), Dickstein Shapiro Morin & Oshinsky LLP, Washington, D.C., for Plaintiffs–Appellees.

David W. Silverman, Granik Silverman & Hekker, New York, N.Y., for Defendant–Appellant.

Present: VAN GRAAFEILAND, LEVAL, and KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant Anthony Mion & Son, Inc. ("Mion"), appeals the orders of the district court (Hurd, *J.*) dated July 29, 2003, and October 30, 2003, granting in part the plaintiffs' motion for summary judgment, granting the plaintiffs' motion for reconsideration, and awarding damages to the plaintiffs, who are trustees of the Bricklayers & Trowel Trades International Pension Fund (the "Fund"). Having reviewed the district court's decisions to grant summary judgment *de novo, see Brown v. C. Volante Corp.*, 194 F.3d 351, 354 (2d Cir.1999), and for the reasons that follow, we vacate the judgment and remand this matter for further proceedings.

We assume familiarity with the prior history of this case and the factual record established below, *see Flynn v. Anthony Mion & Sons, Inc.*, 275 F.Supp.2d 269 (N.D.N.Y.2003), and we proceed directly to the defendant's contentions on appeal. We agree with Mion that the Fund lacks standing to bring suit in its own name where the alleged injury was to the International Masonry Institute ("IMI"), the Bricklayers and Allied Craftworkers International Health Fund ("IHF"), or the International Union of Bricklayers and Allied Craftworkers (the "Union"). Although an oral assignment may be valid, *see Krauss v. Cent. Ins. Co. of Baltimore*, 40 N.Y.S.2d 736, 741 (Sup.Ct.1943); 6 Am.Jur.2d Assignments § 121, the plaintiffs' evidence at most establishes that the Fund enjoys the power of attorney to bring claims on behalf of its affiliates as their agent. The Fund does not "own" their causes of action under 29 U.S.C. §§ 185 and 1145, however, and it may not, therefore, bring those claims in its own name. *See Conn. v. Physicians Health Servs. of Conn., Inc.*, 287 F.3d 110, 117 (2d Cir.2002) ("[A] valid and binding assignment of a claim (or a portion thereof)—not only the right or ability to bring suit—may confer standing on the assignee."); *Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 17–18 (2d Cir.1997) ("A provision by which one person grants another the power to sue on and collect on a claim confers on the grantee a power of attorney with respect to that claim. The grant of a power of attorney, however, is not the equivalent of an assignment of ownership; and, standing alone, a power of attorney does not enable the grantee to bring suit in his own name.") (citation omitted); 6A Charles Alan Wright et al., *Federal Practice & Procedure: Civil* § 1545, at 349 (2d ed.1990). Because the defendant stipulated at oral argument that it would not object to the amendment of the complaint, we vacate the judgment and remand so that the relevant parties may join the lawsuit. *See Advanced Magnetics*, 106 F.3d at 18–21; *cf.* Fed.R.Civ.P. 17(a).

Having vacated the judgment and remanded for further proceedings, we have no reason to address immediately the balance of Mion's points on appeal. In reviewing their merits on this record, however, we are unsure whether the result below was correct. Accordingly, we respectfully suggest that the district court reconsider its decision to grant the plaintiffs' motion

for summary judgment with an eye toward answering the following questions: *

1. *The two contracts.* The traveling contractor provision in Article VII of the International Agreement ("Article VII") applies only where Mion "do[es] not participate directly in local negotiations." By contrast, the traveling contractors clause in Article XXVIII of the Local 2 CBA ("Article XXVIII") applies "outside of the area covered by this Agreement and within the area covered by an agreement with another affiliate of the Union." Which provision applies to which of the hours specified in the audit? If both provisions apply to any hours, how do the provisions interact?

2. *Article VII.*

a. What bearing, if any, does Article VII(B)(1)(a) and its provision that "the Employer will be bound ... to make the contributions called for by said agreements ... at the rate and in the manner specified therein ...." have on this lawsuit?

b. Article VII identifies "company field employees" and "employees who normally reside or work outside the jurisdiction of the job site Union" whom Mion "is required to recruit" "in order to meet project manpower needs." Did all of the workers specified in the audit fit one of those categories?

c. When Article VII refers to the "difference" between the job site contributions and the home contributions, does it refer to the difference between the aggregate contributions owed to all funds in each CBA, or to the difference for each individual fund? If the answer is the aggregate difference, did the audit properly take into account contributions to funds other than the Fund, the IHF, the IMI, and the Union?

d. Which foreign job site funds relevant to this case are "health, welfare, and pension" funds for the purposes of Article VII?

e. What portion, if any, of the damages is payable to the RSP?

3. *Article XXVIII.*

a. Does Article XXVIII apply only to tile finishers or to all workers covered by the collective bargaining agreement?

b. Does this article's provision that Mion must pay "all contributions specified in the job site local Agreement" permit Mion to home-fund benefit contributions?

c. If Mion can home-fund contributions under Article XXVIII, how should the required contributions "specified in the job site local Agreement" be prorated among the Local 2 funds?

Accordingly, for the foregoing reasons, the judgment of the district court is VACATED and the matter is REMANDED for further proceedings consistent with this order.

---

* If factual matters are disputed, the district court might find it useful to employ a special master to resolve them.